[No. 1411-2.   Division Two.   February 21, 1975.]

THE STATE OF WASHINGTON, *Appellant*, v. TERRY LARSON
et al., *Respondents*.

*Anton J. Miller, Prosecuting Attorney*, for appellant.

*Herbert E. Wieland*, for respondents.

PETRIE, J.—Terry Larson and Tim McDonald were accused of fishing out of season in violation of certain emergency regulations promulgated by the Department of Fisheries.[1] They were tried before a jury presided over by a

---

[1]                    "STATE OF WASHINGTON
              ORDER OF THE DIRECTOR OF FISHERIES
                          ORDER NO. 1037
     "I, Thor C. Tollefson, Director of Fisheries of the State of Washington, find that immediate adoption of the following emergency regulations governing the taking of shellfish are necessary for the preservation of the general welfare and that observation of the requirements of notice and opportunity to present views on the proposed action would be contrary to the public interest. Emergency adoption of this regulation is necessary to provide for a uniform coastal opening of the commercial Dungeness crab season with the State of Oregon.
     ". . .
     "It shall be lawful to take, fish for, possess and transport through state waters, crabs for commercial purposes from December 1 through December 31, 1972 in all Coastal, Grays Harbor, Willapa Harbor and

lay commissioner in a district court for Pacific County. The commissioner dismissed the State's case on the grounds that: (1) the prosecution failed to prove the existence of the regulations allegedly violated, and (2) judicial notice could not be taken of the copy of the regulations presented to him. The State petitioned the Superior Court for Pacific County for a review of the commissioner's ruling. The Superior Court affirmed, an appeal to this court was taken from that determination. We hold that the Superior Court's disposition of the matter was correct.

The fishing regulations allegedly violated were presented to the commissioner in the form of a "pink sheet," a page taken from a binder containing fishing regulations. These regulations, however, were not published in the Washington Administrative Code. The commissioner was then shown RCW 75.08.100 which provides that regulations of the Department of Fisheries "shall be admitted as evidence in the courts of the state" when the department head certifies by affidavit that the regulation "has been lawfully adopted, promulgated, and published, . . ." Neither of the parties, nor the commissioner was aware at that time of the existence of RCW 34.04.050(6) of the administrative procedure act which states that judicial notice shall be taken of all filed and published administrative rules.

■ Even if the commissioner had been aware of RCW 34.04.050(6), his ruling would not have been in error. Superficially, RCW 34.04.050(6) appears to be wholly inconsistent with RCW 75.08.100. RCW 34.04.910 repeals all statutes inconsistent with chapter 34.04. On closer examination,

Columbia River fishing areas provided that in Pacific Ocean, Coastal and Columbia River areas it shall be lawful to set shellfish pots or ring net gear 4 days prior to December 1, 1972 and in Grays Harbor and Willapa Harbor fishing areas it shall be lawful to set shellfish pots or ring net gear 1 day prior to December 1, 1972.

"   .   .   .
"Dated this 13th day of November, 1972.

"/s/ _____
"Thor C. Tollefson
"Director"

however, the questioned fishing regulations do not fall within the purview of RCW 34.04.050(6). That section is applicable only to those administrative rules and regulations which are filed *and published* by the code reviser. RCW 34.04.050(3) permits the code reviser in his discretion to omit from publication those rules and regulations which would be "unduly cumbersome, expensive or otherwise inexpedient." The code reviser elected to utilize this section by not publishing emergency fishing regulations. WAC 220-28 contains the following note:

> Omission from code of emergency regulations: The department of fisheries frequently promulgates regulations of an emergency nature and of limited duration, relating to seasons, closures, gear, and other special matters concerning the industry. Such regulations are filed and may be inspected at the office of the Code Reviser, Legislative Building, Olympia, but because of their transitory nature they are (on authority of RCW 34.04.050(3)) omitted from this code. Copies thereof may be procured from the Director of Fisheries, General Administration Building, Olympia.

Because the regulations allegedly violated by the respondents were not published, RCW 34.04.050(6) does not apply. Accordingly, to the extent that fishing regulations are not published in the Washington Administrative Code, RCW 75.08.100 is not repealed. The commissioner was, therefore, justified in invoking the provisions of this latter statute and refusing to take judicial notice of the regulations in question when there was no affidavit from the director of the Department of Fisheries certifying that the regulations had been "lawfully adopted, promulgated, and published, . . ."

The State also assigns error to the refusal of the commissioner to grant it a 1½ hour continuance in order to obtain an affidavit from Olympia—a distance of perhaps 70 miles. We find no error. The decision whether or not to grant a continuance is, of course, a matter addressed to the discretion of the trial court. *State v. Miles*, 77 Wn.2d 593, 464 P.2d 723 (1970). The prosecutor did not give the com-

missioner any indication of how he proposed to procure the affidavit from Olympia in 1½ hours. Nor has he, on appeal, enlightened this court in this regard. We, therefore, cannot find that the commissioner's discretion was abused.

Affirmed.

ARMSTRONG, C.J., and PEARSON, J., concur.